UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE TAYLOR, | ) | |
| | ) | Case No. 3:16CV0847 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE BENITA PEARSON |
| | ) | (Magistrate Judge Mchargh) |
| JAMES HAVILAND, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The petitioner Terence Taylor ("Taylor") has filed a petition for a writ of habeas corpus pro se, arising out of his 2010 conviction for murder, with a firearm specification, in the Lucas County (Ohio) Court of Common Pleas. In his petition, Taylor raises four grounds for relief:

 1. Actual innocence – Appellee failed to legally present sufficient evidence to sustain the charges against Appellant, and Appellant's conviction fell against the manifest weight of the evidence.

 2. The trial court erred by instructing the jury on the lesser included offense of murder.

 3. The trial court erred when it sentenced me.

>    4. Defendant was placed in jeopardy when appeal court remanded my case back for resentencing after a nolle prosequi on the underlying offense.

(Doc. 1, § 12.)

Taylor filed a Motion to Stay. (Doc. 8.) The respondent has filed an opposition. (Doc. 9.) The respondent has filed a Return of Writ. (Doc. 10.)

Taylor has also filed a motion for appointment of counsel (doc. 11), and a motion for an extension of time to file his Traverse (doc. 12).

## MOTION TO STAY

Taylor has filed his motion for a stay and abeyance in order that he can return to the Lucas County Court of Common Pleas "to fairly present other claims," such as a Sect. 2953.21 petition for post-conviction relief.[1] Additionally, he wants to present other claims alleging violations of his constitutional rights. (Doc. 8.)

The respondent opposes the motion to stay. The respondent points out that Taylor is not seeking to exhaust any of the four claims asserted in his petition, and in fact the petition asserts that the grounds have been exhausted. (Doc. 9, at 2-3, citing petition, at pp. 6, 7, 9, 10, 12.)

The Supreme Court has explained that the "stay-and-abeyance" procedure is used in circumstances where:

>    . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition

---

[1] Although Taylor states that he has already filed such a motion, the respondent asserts that no such filing is reflected as pending in the state court's electronic docket. (Doc. 9, at 3.) Taylor has not contested this assertion.

> could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

*Pliler v. Ford*, 542 U.S. 225, 230 (2004). A "mixed" petition contains both unexhausted and exhausted claims. *Pliler*, 542 U.S. at 227. Taylor's petition does not appear to be a "mixed" petition, which would be eligible for consideration of the "stay and abeyance" procedure.

In any event, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Wiedbrauk v. Lavigne*, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), *cert. denied*, 549 U.S. 961 (2006). The procedure is appropriate only when the petitioner had good cause for a failure to exhaust. *Rhines*, 544 U.S. at 277. Taylor has not demonstrated good cause for a failure to exhaust his remedies in state court.

The fact that Taylor may raise a separate motion, or have a separate claim pending, in state court does not render his current petition a "mixed" petition. *Bowling v. Haeberline*, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). The court is not required to stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984).

The motion for a stay (doc. 8) is denied.

MOTION FOR COUNSEL

Taylor has also filed a motion for appointment of counsel. He urges that counsel be appointed because he "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." (Doc. 11, at 1.)

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *McKethan v. Mantello*, 292 F.3d 119, 123 (2d Cir. 2002); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

A district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Hoggard*, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. *Morris*, 217 F.3d at 558-559. The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary. *Hoggard*, 29 F.3d at 471; *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). Federal courts have not developed a uniform approach to motions for appointment of counsel.

In *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal

complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *See also Hoggard*, 29 F.3d at 471 (same). In *Sellers v. United States*, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

The court has reviewed the grounds of Taylor's petition. The court has considered the factors discussed in *McCall* and *Sellers*. The grounds asserted in the habeas petition are not particularly complex. The court recognizes that Taylor lacks legal training, but that is true of the vast majority of habeas petitioners.

The motion for counsel (doc. 11) is denied.

MOTION FOR EXTENSION OF TIME

Finally, Taylor has moved for an extension of time, until Oct. 15, 2016, to file his Traverse. (Doc. 12.) The motion for extension of time is granted.

SUMMARY

The motion for a stay (doc. 8) is denied, because the petition before the court is not a "mixed" petition. The motion for appointment of counsel (doc. 11) is denied.

The motion for extension of time to file his Traverse (doc. 12) is granted. Taylor shall file his Traverse on or before Oct. 15, 2016.

IT IS SO ORDERED.

Sept. 9, 2016                                   /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge